1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   TONY TENNENTO,                          )   Case No.: 1:14-cv-00772 - LJO - JLT
                                             )
12              Plaintiff,                   )   ORDER GRANTING PLAINTIFF'S MOTION TO
                                             )   PROCEED IN FORMA PAUPERIS AND
13        v.                                 )   DISMISSING THE COMPLAINT WITH LEAVE
                                             )   TO AMEND
14   CHRISTOPHER BOSTON, et al.,             )
                                             )
15              Defendants.                  )
                                             )
16   _____   )

17        Tony Tennento ("Plaintiff"), seeks to proceed *pro se* and *in forma pauperis* with an action

18   pursuant to 42 U.S.C. § 1983 for violations of his civil rights by Christopher Boston, Christopher

19   Gonzalez, and Jessey Esposito (collectively, "Defendants"). Plaintiff initiated this action by filing his

20   complaint and a motion to proceed *in forma pauperis* on May 21, 2014.  (Docs. 1, 3).  For the

21   following reasons, the complaint is **DISMISSED** with leave to amend.

22   **I.      Motion to proceed in forma pauperis**

23        The Court may authorize the commencement of an action without prepayment of fees when an

24   individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25   that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26   has reviewed the affidavit, and determined Plaintiff's application satisfies the requirements of 28

27   U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

28   *///*

1

**II.      Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.      Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

1
2

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

3    *Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should

4    assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

5    conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

6        The Court has a duty to dismiss a case at any time it determines an action fails to state a claim,

7    "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court

8    "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

9    claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal*

10   *Practice and Procedure*, § 1357 at 593 (1963)).  However, leave to amend a complaint may be granted

11   to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d

12   1122, 1127-28 (9th Cir. 2000) (en banc).

13   **IV.    Section 1983 Claims**

14       Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a

15   method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271

16   (1994).  An individual may bring a civil rights action pursuant to Section 1983, which provides:

17
18
19

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

20

21   42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be

22   inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

23   violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*,

24   529 F.2d 668, 670 (9th Cir. 1976).

25       A plaintiff must allege a specific injury was suffered, and show causal relationship between the

26   defendant's conduct and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Thus,

27   Section 1983 "requires that there be an actual connection or link between the actions of the defendants

28   and the deprivation alleged to have been suffered by the plaintiff."  *Chavira v. Ruth*, 2012 U.S. Dist.

1    LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012).  An individual deprives another of a federal right "if he

2    does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he

3    is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v.*

4    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In other words, "[s]ome culpable action or in action must be

5    attributable to defendants."  *See Puckett v. Corcoran Prison - CDCR*, 2012 U.S. Dist. LEXIS 52572,

6    at *7 (E.D. Cal. Apr. 13, 2012).

7    **V.      Discussion and Analysis**

8          Plaintiff asserts that on March 9, 2013, he was in Hart Park in Bakersfield, California, when

9    "Officers[] Jessy Esposito, Christopher Boston, and Christopher Gonzalez opened fire on [him] while

10   [he] was trying to leave the area." (Doc. 1 at 3.)  According to Plaintiff, "Christopher Gonzalez shot at

11   [him] 15 times, Christopher Boston shot at [him] 3 to 4 times, and Jessey Esposito shot … 4 to 6

12   times." (*Id.*)  He alleges that he was hit by one of the shots, his "back and face [were] riddled with

13   glass" and glass in his left eye caused a loss of eye sight.  (*Id.*)  Plaintiff asserts that officers' actions

14   "constitute[] cruel and unusual punishment" in violation of the Eighth Amendment of the Constitution

15   of the United States. (*Id.*)

16         **A.      Cruel and Unusual Punishment**

17         The Eighth Amendment proscribes a freedom from cruel and unusual punishment. *U.S.*

18   *Constitution, amend. VIII*.  Although the only claim Plaintiff raises is a violation of the Eighth

19   Amendment, the claim is based upon an incident at the time of his arrest.  Significantly, the prohibition

20   of cruel and unusual punishment takes effect only after conviction and sentencing.  *Lee v. City of Los*

21   *Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n. 26 (1979)

22   ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional

23   guarantees traditionally associated with criminal prosecutions"); *Gibson v. County of Washoe*, 290 F.3d

24   1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] has not been convicted of a crime, but had only

25   been arrested, his rights derive from the due process clause rather than the Eighth Amendment's

26   protection against cruel and unusual punishment").  Accordingly, Plaintiff is unable to state a claim for

27   a violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

28   ///

1

**B.**     **Excessive Force Amounting to Punishment**

2          The Supreme Court of the United States has determined that the Due Process Clause of the

3  Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use

4  of excessive force that amounts to punishment."  *Graham v. Connor*, 490 U.S. 386, 388 (1989).

5  However, allegations of excessive force during the course of an arrest are analyzed under the Fourth

6  Amendment, which prohibits arrests without probable cause or other justification.  *Id.* ("claim[s] that

7  law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or

8  other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness'

9  standard").

10          Although Plaintiff has not pleaded many facts in this action regarding the officers' shooting, he

11  provided more information in a complaint previously filed on April 4, 2013, in Case No. 1:13-cv-

12  00490-AWI-JLT, which alleged the same events against the same defendants.[1,2]  Previously, Plaintiff

13  alleged that he was sitting in a stolen vehicle in the park, when an officer approached the vehicle and

14  ordered Plaintiff to "get out of the car."  Plaintiff alleged that he "jumped from the back of the SUV to

15  the driver seat and started the vehicle."  After Plaintiff started the car, "the driver side window was

16  busted out," and the vehicle was "riddled with bullets" as soon as he started driving in reverse, trying to

17  "get away from the unknown people" shooting at him.

18          In any event, Plaintiff may be able to state a claim for the use of excessive force amounting to

19  punishment in violation of the Fourth Amendment. However, because the facts are not alleged in the

20  complaint now pending before the Court, the Court will grant Plaintiff an opportunity to provide

21  further factual allegations in support of such a claim.[3]

22

23          [1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333
24  (9th Cir. 1993). The accuracy of court records cannot reasonably be questioned, and judicial notice may be taken of the
records. *Mullis v. United States Bank*. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.,* 80
25  F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d
1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980). Therefore, judicial
26  notice is taken of Complaint in *Tennento v. Gonzalez*, et al., Case No. 1:13-cv-00490-AWI-JLT.
          [2] The action was dismissed without prejudice for Plaintiff's failure to file an amended complaint in compliance
27  with the Court's order and failure to comply with the Local Rules.
          [3] Plaintiff is admonished that he is obligated to plead truthfully.  His current claim that he was merely sitting in a
28  parked vehicle is a wildly different circumstance than the one he described in his prior action.  The Court will not tolerate
further attempts to obfuscate the actual facts of the case.

1

## VI.    Conclusion and Order

2          Plaintiff has failed to state a cognizable claim for a violation of his constitutional rights

3   pursuant to Section 1983.  However, Plaintiff will be granted leave to amend the complaint to cure the

4   deficiencies identified by the Court.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)

5   (leave to amend must be given "unless it is absolutely clear that the deficiencies of the complaint

6   could not be cured by amendment").

7          The amended complaint must reference the docket number assigned to this case and must be

8   labeled "First Amended Complaint."  Plaintiff is advised that an amended complaint supersedes all

9   previously filed complaints.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).  The

10   amended complaint must be "complete in itself without reference to the prior or superseded pleading."

11   Local Rule 220.  Thus, once Plaintiff files a First Amended Complaint, the original complaint no

12   longer serves any function in the case.  Finally, Plaintiff is warned that "[a]ll causes of action alleged

13   in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*,

14   814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

15          Based upon the foregoing, **IT IS HEREBY ORDERED**:

16          1.     Plaintiff's motion to proceed in forma pauperis is **GRANTED**;

17          2.     Plaintiff's Complaint is **DISMISSED with leave to amend**;

18          3.     Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file an

19                 amended complaint curing the deficiencies identified by the Court in this order; and

20          4.     **If Plaintiff fails to comply with this order, the action will be dismissed for failure**

21                 **to obey a court order**.

22

23   IT IS SO ORDERED.

24      Dated:    **June 2, 2014**                        ____/s/ Jennifer L. Thurston____

25                                                      UNITED STATES MAGISTRATE JUDGE

26

27

28