UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TONY TENNENTO, | ) | Case No.: 1:14-cv-00772 - LJO - JLT |
|---|---|---|
| Plaintiff, | ) ) | ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | ) ) | |
| CHRISTOPHER BOSTON, et al., | ) ) | |
| Defendants. | ) ) ) | |

Tony Tennento ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 for violations of his civil rights by Christopher Boston, Christopher Gonzalez, and Jessy Esposito (collectively, "Defendants"). Plaintiff filed his First Amended Complaint on June 19, 2014 (Doc. 5), which is now before the Court for screening pursuant to 28 U.S.C. 1915(e)(2).

For the following reasons, the Court orders Plaintiff to either file a Second Amended Complaint or notify the Court of his willingness to proceed on his claims for violations of the Fourth and Fourteenth Amendment.

I.      **Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).

1

The Court must screen the First Amended Complaint because an amended complaint supersedes previous pleadings. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Section 1983 Claims

Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 U.S. Dist. LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 U.S. Dist. LEXIS 52572, at *7 (E.D. Cal. Apr. 13, 2012).

**IV.     Discussion and Analysis**

Plaintiff asserts that on March 9, 2013, he was sitting in a stolen car near the 13000 block of Round Mountain Road in Bakersfield, California when he heard shots fired. (Doc. 5 at 3.) Plaintiff alleges that about fifteen minutes later, "two unidentified cars pulled in behind the car" in which he was sitting. *Id*. The cars had "bright lights" and "3 unknown people got out of these cars." (*Id.*) He asserts the individuals approached the car, turned on flashlights, and "then started looking into the car windows." (*Id.*) Plaintiff reports that he started to move from the back of the car to the front, and he heard someone say "get out of [the] car." (*Id.*) Rather than exit the vehicle, Plaintiff asserts that he "jumped into the front seat (drivers seat) and started the car." (*Id.*)

According to Plaintiff, "Once the car was started, the window (driver side window) was busted out and the car was riddled with bullets." (Doc. 5 at 4.) He asserts he "put the car in reverse to try to flee the erea (sic) of the unknown shooters," and proceeded to drive in reverse. (*Id.*) Plaintiff asserts he was shot in the left arm and left side of his body, and his "face was riddled with glass." (*Id.*) He alleges that Christopher Gonzalez shot at him 15 times, Christopher Boston shot at him "3 to 4 times," and Jessy Esposito shot at him "4 to 6 times." (*Id.*) Plaintiff reports that he "lost control[] of the car and slammed into a tree." (*Id.*) Plaintiff was pulled out of the car after the crash, and he reports that it was at this time he learned "the 3 'unknown people' were park ranger officers." (*Id.*)

Based upon these facts, Plaintiff asserts the officers are liable for violations of his Fourth, Eighth, and Fourteenth Amendment rights. (Doc. 5 at 4.)

**A.     Eighth Amendment Violation**

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. *U.S. Constitution, amend. VIII*. Although Plaintiff alleges a violation of the Eighth Amendment, the claim is based upon an incident at the time of his arrest. As the Court informed Plaintiff previously, the prohibition of cruel and unusual punishment takes effect only after conviction and sentencing. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n. 26 (1979) ("Eight Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] has not been convicted of a

crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). Accordingly, Plaintiff is unable to state a claim for a violation of the Eighth Amendment's prohibition of cruel and unusual punishment, and this claim is **DISMISSED**.

### B. Excessive Force Amounting to Punishment

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S.

1  372, 381-82 (2007).  Ultimately, the "reasonableness" of the actions "must be judged from the

2  perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."

3  *Graham*, 490 U.S. at 396.

4  Here, based upon the facts alleged, it appears Plaintiff posed a threat to the safety of the

5  officers standing nearby when he recklessly drove the stolen vehicle in an attempt to escape capture.[1]

6  However, the Ninth Circuit has observed that evaluation of whether the force used was reasonable "is

7  ordinarily a question of fact for the jury." *Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir.

8  1997); *see also Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) (a determination on the

9  reasonableness of the use of force "nearly always requires a jury to sift through disputed factual

10 contentions, and to draw inferences therefrom").  Accordingly, for screening purposes only, the Court

11 finds the facts alleged sufficient to support a cognizable claim for the use of excessive force.

12 **V.     Conclusion and Order**

13 Plaintiff fails to state a cognizable claim for a violation of the Eighth Amendment.  However,

14 he has stated a cognizable claim for excessive force in violation of the Fourth and Fourteenth

15 Amendments.

16 Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies

17 identified in this order.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Alternatively,

18 Plaintiff may notify the Court in writing that his does not wish to file an amended complaint and is

19 willing to proceed only on his cognizable claim for excessive force rising to the level of punishment.

20 At that time, the Court will dismiss the other claim and issue summons.

21 The amended complaint must bear the docket number assigned this case and must be labeled

22 "Second Amended Complaint."   Plaintiff is reminded advised that the Court cannot refer to a prior

23 pleading in order to make Plaintiff his Second Amended Complaint complete, and that after an

24 amended complaint is filed, the other pleadings no longer serves any function in the case.  *See Loux v.*

---

[1] The implication of Plaintiff's complaint that Plaintiff had no idea that the three men were law enforcement officers despite that he was in a stolen vehicle, despite the arrival of two cars displaying bright lights, despite the approach of the men with flashlights who had exited the cars with the bright lights and despite that the men ordered him out of the stolen car, is patently implausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must state sufficient facts to "state a claim to relief that is plausible on its face.")  However, this is not determinative of whether the officers used reasonable force.

6

*Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (explaining that as a general rule, an amended complaint supersedes the original complaint).  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citation omitted).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Within 21 days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, **or**
   b. Notify the Court in writing of his willingness to proceed only on his claims for violations of the Fourth and Fourteenth Amendment; and
2. If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 26, 2014**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE