1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **EASTERN DISTRICT OF CALIFORNIA**
10

11   TONY TENNENTO,                          )   Case No.: 1:14-cv-00772 - LJO - JLT
                                             )
12             Plaintiffs,                   )   FINDINGS AND RECOMMENDATIONS
                                             )   DISMISSING PLAINTIFF'S CLAIM FOR A
13        v.                                 )   VIOLATION OF THE EIGHTH AMENDMENT
                                             )
14   CHRISTOPHER BOSTON, et al.,             )
                                             )
15             Defendants.                   )
                                             )
16   _____        )

17        Tony Tennento is proceeding *pro se* and *in forma pauperis* in this action for a violation of his

18   civil rights pursuant to 42 U.S.C. § 1983.  On June 26, 2014, the Court screened Plaintiff's First

19   Amended Complaint.  For the following reasons, the Court recommends the action proceed only on

20   Plaintiff's claim for violations of his rights arising under the Fourth and Fourteenth Amendments, and

21   his claim for a violation of the Eighth Amendment be **DISMISSED**.

22   **I.      Pleading Requirements**

23        General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

24   complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of

25   the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may

26   include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules

27   adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than

28   pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

                                             1

1    A complaint must state the elements of the plaintiff's claim in a plain and succinct manner.

2  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of a complaint

3  is to give the defendant fair notice of the claims against him, and the grounds upon which the

4  complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

5      Rule 8 does not require detailed factual allegations, but it demands more than an
       unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers
6      labels and conclusions or a formulaic recitation of the elements of a cause of action will
       not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further
7      factual enhancement.

8  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

9  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d

10  266, 268 (9th Cir. 1982).  The Court clarified further,

11      [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to
        relief that is plausible on its face." [Citation]. A claim has facial plausibility when the
12      plaintiff pleads factual content that allows the court to draw the reasonable inference that
        the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is
13      not akin to a "probability requirement," but it asks for more than a sheer possibility that a
        defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are
14      "merely consistent with" a defendant's liability, it "stops short of the line between
        possibility and plausibility of 'entitlement to relief.'
15

16  *Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should

17  assume their truth and determine whether the facts would make the plaintiff entitled to relief;

18  conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

19    The Court has a duty to dismiss a case at any time it determines an action fails to state a claim,

20  "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court

21  "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

22  claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal*

23  *Practice and Procedure*, § 1357 at 593 (1963).  However, the Court may grant leave to amend a

24  complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*,

25  203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

26  **III.    Section 1983 Claims**

27    Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a

28  method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271

2

1   (1994).  An individual may bring a civil rights action pursuant to Section 1983, which provides:

2       Every person who, under color of any statute, ordinance, regulation, custom, or usage,
        of any State or Territory... subjects, or causes to be subjected, any citizen of the United
3       States or other person within the jurisdiction thereof to the deprivation of any rights,
        privileges, or immunities secured by the Constitution and laws, shall be liable to the
4       party injured in an action at law, suit in equity, or other proper proceeding for redress...

5   42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be

6   inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

7   violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*,

8   529 F.2d 668, 670 (9th Cir. 1976).

9       A plaintiff must allege a specific injury was suffered, and show causal relationship between the

10  defendant's conduct and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Thus,

11  Section 1983 "requires that there be an actual connection or link between the actions of the defendants

12  and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 U.S. Dist.

13  LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012).  An individual deprives another of a federal right "if he

14  does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he

15  is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v.*

16  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In other words, "[s]ome culpable action or in action must be

17  attributable to defendants."  *See Puckett v. Corcoran Prison - CDCR*, 2012 U.S. Dist. LEXIS 52572,

18  at *7 (E.D. Cal. Apr. 13, 2012).

19  **IV.    Discussion and Analysis**

20      Plaintiff asserts that on March 9, 2013, he was sitting in a stolen car around 13000 block of

21  Round Mountain Road in Bakersfield, California when he heard shots fired.  (Doc. 5 at 3.)  Plaintiff

22  alleges that about fifteen minutes later, "two unidentified cars pulled in behind the car" in which he

23  was sitting, and "3 unknown people got out of these cars." (*Id.*)  He asserts the individuals approached

24  the car, turned on flashlights, and "then started looking into the car windows." (*Id.*)  Plaintiff reports

25  that he started to move from the back of the car to the front, and he heard someone say "get out of

26  [the] car." (*Id.*)  Rather than exit the vehicle, Plaintiff asserts that he "jumped into the front seat

27  (drivers seat) and started the car." (*Id.*)

28      According to Plaintiff, "Once the car was started, the window (driver side window) was busted

3

out and the car was riddled with bullets." (Doc. 5 at 4.)  He asserts he "put the car in reverse to try to flee the erea (sic) of the unknown shooters," and proceeded to drive in reverse. (*Id.*)  Plaintiff asserts he was shot in the left arm and left side of his body, and his "face was riddled with glass." (*Id.*)  He alleges that Christopher Gonzalez shot at him 15 times, Christopher Boston shot at him "3 to 4 times," and Jessy Esposito shot at him "4 to 6 times." (*Id.*)  Plaintiff reports that he "lost control[] of the car and slammed into a tree." (*Id.*)  Plaintiff was pulled out of the car after the crash, and he reports that it was at this time he learned "the 3 'unknown people' were park ranger officers." (*Id.*)

Based upon these facts, Plaintiff alleged the officers are liable for violations of his Fourth, Eighth, and Fourteenth Amendment rights. (Doc. 5 at 4.)

### A.      Eighth Amendment Violation

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. *U.S. Constitution, amend. VIII*.  Although Plaintiff alleges a violation of the Eighth Amendment, the claim is based upon an incident at the time of his arrest.  As the Court informed Plaintiff previously, the prohibition of cruel and unusual punishment takes effect only after conviction and sentencing.  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n. 26 (1979) ("Eight Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] has not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment").  Accordingly, Plaintiff is unable to state a claim for a violation of the Eighth Amendment's prohibition of cruel and unusual punishment, the Court recommends this claim be **DISMISSED**.

### B.      Excessive Force Amounting to Punishment

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989).  However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that

law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted).  In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).  In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007).  Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Here, based upon the facts alleged, it appears Plaintiff posed a threat to the safety of the officers standing nearby when he drove the stolen vehicle while attempting to escape.  However, the Ninth Circuit has observed that evaluation of whether the force used was reasonable "is ordinarily a question of fact for the jury." *Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997); *see also Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) (a determination on the reasonableness of the use of force "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom").  Accordingly, for screening purposes only, the Court finds the facts alleged

5

1   sufficient to support a cognizable claim for the use of excessive force.

2   **IV.     Findings and Recommendations**

3          Based upon the foregoing, Plaintiff stated cognizable claims for violations of his Fourth and

4   Fourteenth Amendment rights.  However, Plaintiff fails to state a claim for a violation of the Eighth

5   Amendment.  Moreover, on July 7, 2014, Plaintiff filed a notice of intent to proceed only on the

6   cognizable claims for excessive force, and requested the Court dismiss the Eighth Amendment claim.

7   (Doc. 9.)

8          Accordingly, **IT IS HEREBY RECOMMENDED**:

9          1.      Plaintiff's claim for a violation of the Eighth Amendment be **DISMISSED**; and

10         2.      The action proceed only on Plaintiff's claims for violations of the Fourth and

11                 Fourteenth Amendment.

12         These Findings and Recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

14  Rules of Practice for the United States District Court, Eastern District of California. Within 14 days

15  after being served with these Findings and Recommendations, Plaintiff may file written objections with

16  the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

17  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

18  waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19

20  IT IS SO ORDERED.

21      Dated:   __July 23, 2014__                    _____/s/ Jennifer L. Thurston__

22                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28