UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY TENNENTO,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTOPHER BOSTON,<br>CHRISTOPHER GONZALES, and<br>JESSEY ESPOSITO,<br><br>        Defendants. | No. 1:14-cv-00772-DAD-JLT<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROVIDE A CURRENT ADDRESS AND FAILURE TO PROSECUTE |

Plaintiff Tony Tennento is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On August 30, 2016, defendants Christopher Boston, Christopher Gonzales, and Jessey Esposito filed a motion for summary judgment in this action. (Doc. No. 32.) Pursuant to the Local Rules of this court, plaintiff was required to serve and file a response not more than twenty-one days after the date of service of the motion. Local Rule 230(l); *see also* Local Rule 230(c) ("A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect.").[1] Nonetheless, plaintiff failed to file any opposition to defendants' motion for summary judgment. Accordingly, on November 14, 2016, the court

---

[1] On September 14, 2016, the court issued a minute order requiring the parties to file opposition and reply briefs in accordance with the Local Rules and indicating that the motion would be submitted for decision on the papers without oral argument. (Doc. No. 34.)

1   issued an order requiring plaintiff to show cause in writing within twenty-eight days of that order
2   why defendants' motion for summary judgment should not be granted.  (Doc. No. 35.)  That order
3   to show cause was served on plaintiff by mail at his address of record but was returned to the
4   court by the U.S. Postal Service as undeliverable on November 22, 2016.[2]  To date, the court has
5   not received a response to the order to show cause, an opposition to defendants' pending motion
6   or any other communication from plaintiff in regards to this case.

7        Local Rule 183(b) requires that a party appearing in propria persona, as plaintiff Tennento
8   does here, must keep the court and opposing parties advised as to his or her current address.  If
9   mail directed to such party by the Clerk is returned, and if such party fails to notify the court and
10  opposing parties within sixty-three days thereafter of a current address, the court may dismiss the
11  action for failure to prosecute.  Moreover, Local Rule 110 provides that a party's failure to
12  comply with the Local Rules generally may be grounds for imposition of any sanctions
13  authorized by statute, Rule, or within the inherent power of the court.  Accordingly, a court may
14  dismiss an action based on a party's failure to prosecute or failure to comply with local rules.
15  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with
16  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to
17  comply with an order requiring amendment of complaint).

18       Here, more than twenty-eight days have passed since service of the court's order to show
19  cause.  In addition, more than sixty-three days have passed since the court's order to show cause
20  served upon plaintiff at his address of record was returned to the court as undeliverable.  Plaintiff
21  has not responded to defendants' motion for summary judgment, and he has not attempted to keep
22  the court apprised of his current address.

23  /////
24  /////
25  /////
26

---

27  [2] A subsequent minute order (Doc. No. 37) served upon plaintiff at his address of record on
    December 5, 2016, was also returned to the court as undeliverable.  It appears that plaintiff has
28  been released from imprisonment and has abandoned this action.

For the foregoing reasons,

1. This action is dismissed due to plaintiff's failure to prosecute, failure to provide a current address, and failure to otherwise comply with this court's Local Rules; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 6, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE